IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

February 1, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| CURTIS G. MAYES, | ) | KNOX CHANCERY |
| | ) | C. A. NO. 03A01-9801-CH-00032 |
| Plaintiff-Appellant | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | HON. FREDERICK D. McDONALD |
| | ) | CHANCELLOR |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| MARGARET C. CULPEPPER, | ) | REVERSED AND REMANDED |
| Commissioner of the Tennessee | ) | |
| Department of Employment | ) | |
| Security | ) | |
| | ) | |
| and | ) | |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendants-Appellees | ) | |

LEE ANN SWARM, Knoxville Legal Aid Society, Inc., for Appellant.


JOHN KNOX WALKUP, Attorney General and Reporter, and DOUGLAS EARL
DIAMOND, Assistant Attorney General, for the appellee, Commissioner
of the Tennessee Department of Employment Security.


FREDERICK W. HODGE, Nashville, for appellee, Wal-Mart Stores, Inc.

O P I N I O N

McMurray, J.

This is an appeal from the denial of unemployment compensation benefits. Through the entire procedure, including an appeal to the Chancery Court for Knox County, the appellant has been denied unemployment compensation benefits because he had been guilty of misconduct arising out of the scope and course of him employment and T.C.A. § 50-7-303(a)(2) bars him from recovery of unemployment compensation benefits. We reverse the judgment of the Chancery Court and remand this case to the trial court for entry of an order awarding unemployment benefits as provided by law.

On September 1, 1995, the appellant began his employment at Wal-Mart. Before his employment at Wal-Mart, the appellant had been arrested and charged with assault, vandalism and wire tapping. At the time of his initial employment with Wal-Mart the charges were still pending. On his application for employment, the appellant was asked whether he had been convicted of a felony or any type of theft or fraud. He responded truthfully that he had not because at that time, as noted, the charges were still pending.

2

The employment application contained no question regarding arrests. Therefore, the appellant did not falsify his employment application.

When he first went to work at Wal-Mart, he worked as a stockman. He was later transferred to courtesy patrol in the parking lot. On July 15, 1996, the appellant was placed on a judicial diversion for the pending charges. The appellant did not advise Wal-Mart of the judicial diversion. Wal-Mart learned of the judicial diversion through other sources and terminated the appellant's employment. Wal-Mart concedes that it has no policy that would have required the appellant to report the judicial diversion to Wal-Mart. The closest thing to a policy regarding the subject matter is found in the testimony of Mr. Lewis Blockton, a supervisor at Wal-Mart. He testified as follows:

> MR. BLOCKTON: Oh, violation of policy as far as an arrested associate. He was - he wasn't arrested, but according to our policy, if once they plead guilty to charges or - or pleads no contest or is found guilty of - of any charges and our - our Wal-Mart is saying that, hey, if the guy is out there guarding other people's safe being and property, and he just pleded (sic) guilty to these charges - you know - how can he stop someone else?

T.C.A. § 50-7-303(a)(2) provides as follows:

> (a) Disqualifying Events. A claimant shall be disqualified for benefits:

3

> (2) If the commissioner finds that a claimant has been discharged from such claimant's most recent work for misconduct connected with such claimant's work, such disqualification shall be for the duration of the ensuing period of unemployment and until such claimant has secured subsequent employment covered by an unemployment compensation law of this state, or another state, or of the United States, and was paid wages thereby ten (10) times such claimant's weekly benefit amount;

Since the incidents that resulted in the termination of the appellant occurred before his employment with Wal-Mart; he did not falsify his employment application nor violate any company policy, we are of the opinion that the arrest and subsequent judicial diversion are not connected with the appellant's work within the meaning of the above quoted statute.

While the circumstances may be such as to make the appellant unsuitable for the particular work that he was doing for Wal-Mart, i.e., security, they do not constitute grounds for denial of unemployment benefits. In <u>Cherry v. Suburban Manufacturing Company</u>, 745 S.W.2d 273, our Supreme Court made the following observation:

> It has long been settled in this state, however, that a justifiable discharge is not, in and of itself, "misconduct connected with his work" so as to disqualify an employee under the statute. The quoted phrase is a very general one, and each case must be determined in light of all of the facts and circumstances attendant upon the employee's termination. At a minimum, however,

the cases are clear that the burden of proving a disqualification is on the employer; and in order to establish a disqualification there must be shown a material breach of some duty which the employee owes to the employer. See generally, <u>Weaver v. Wallace</u>, 565 S.W.2d 867, 870 (Tenn. 1978), where the Court said:

> "Unless the employee's wrongdoing violates a duty owed to the employer, it cannot amount to that 'misconduct connected with his work ' which serves to disqualify him to receive unemployment insurance benefits, although it may fully justify the employer in discharging him."

<u>Id</u>. at page 275.

We find that there was no misconduct on the part of the appellant (as that term is used in T.C.A. § 50-7-303(a)(2)) which would disqualify him from receiving unemployment compensation benefits. Accordingly, we reverse the judgment of the trial court and remand this case for entry of an order awarding unemployment compensation benefits in accordance with prevailing law. Costs are taxed to the appellees.

_____
Don T. McMurray, Judge

CONCUR:

_____
Houston M. Goddard, Presiding Judge

_____
Charles D. Susano, Jr., Judge

5

IN THE COURT OF APPEALS
AT KNOXVILLE

| | | |
|---|---|---|
| CURTIS G. MAYES, | ) | KNOX CHANCERY |
| | ) | C. A. NO. 03A01-9801-CH-00032 |
| Plaintiff-Appellant | ) | |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | HON. FREDERICK D. McDONALD |
| | ) | CHANCELLOR |
| | ) | |
| | ) | |
| MARGARET C. CULPEPPER, | ) | REVERSED AND REMANDED |
| Commissioner of the Tennessee | ) | |
| Department of Employment | ) | |
| Security | ) | |
| | ) | |
| and | ) | |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendants-Appellees | ) | |

**<u>JUDGMENT</u>**

This appeal came on to be heard upon the record from the Chancery Court of Knox County, briefs and argument of counsel. Upon consideration thereof, this Court is of the opinion that there was reversible error in the trial court.

We reverse the judgment of the trial court and remand this case for entry of an order awarding unemployment compensation benefits in accordance with prevailing law. Costs are taxed to the appellees.

PER CURIAM